FRANK A. DOUCHKESS, Respondent, *v.* CHARLES CAMPBELL et al., Appellants.

First Department, May 3, 1946.

*Harold R. Medina* of counsel (*Julius Weiss* and *Isidor Niner* with him on the brief; *Levisohn, Niner & Levisohn,* attorneys), for appellants.

*Joseph P. Segal* of counsel (*I. Gainsburg* with him on the brief; *Seligman & Seligman,* attorneys), for respondent.

CALLAHAN, J. The cause of action under attack is one for damages for breach of contract. The gist of the agreement sued on is that the defendants promised " that the plaintiff was to become Vice-President and Controller of the defendant,

Standard Products Corporation for a period of five years at a salary to be fixed by resolution of the Board of Directors of such corporation and that the plaintiff as such Vice-President and Controller should perform the usual necessary duties of such positions. In addition thereto the plaintiff was to receive 1/5 share of any dividends, profits or other benefits received by the defendant Charles Campbell for and on account of the common stock of defendant Standard Products Corporation owned and held by Charles Campbell.''

The complaint alleges that plaintiff was elected vice-president and controller of Standard, at a salary of $1,000 a month. A year later the board of directors of said corporation established the office of executive vice-president to take over the duties of plaintiff, put defendant Killmer in the newly created office, and voted to reduce plaintiff's salary to $416.67 per month. At a later meeting of said board of directors it is alleged that the defendants further caused the salary of plaintiff to be reduced to $100 per month.

The complaint contains allegations concerning the election of plaintiff as an officer of defendant, Ancram Paper Mills, and his ouster from said office, but as there is no claim of any agreement by defendants to employ plaintiff as an officer of Ancram, the allegations with respect to such election and ouster add nothing to the cause of action.

The complaint also refers to the receipt of profits by defendant Campbell and the payment to plaintiff of one fifth thereof. There is no claim that any commissions earned remain unpaid.

We deem that the complaint fails to allege a breach of contract. It is the plain intendment of the pleading that any reduction of plaintiff's salary was by act of the board of directors of Standard Products Corporation. A board of directors authorized to fix the salary of an officer would have the power to lower the salary thereafter in the absence, at least, of any agreement to continue the original salary for any specific period. The complaint fails to allege any such agreement. Nor does the complaint allege a discharge or removal of plaintiff as officer or employee of Standard. The most that the complaint says in this regard is that the new office of executive vice-president was established to take over the duties of the vice-president and controller. This is not equivalent to an allegation that some other person was actually given the duties which plaintiff was hired to perform.

We need not presently determine whether being deprived of the duties of an office or position would amount to a removal

therefrom. There is no allegation that anyone was in fact given plaintiff's duties, nor is it claimed that plaintiff treated what occurred as a discharge. (See *Marks* v. *Cowdin*, 226 N. Y. 138.)

Having found the complaint insufficient, it is unnecessary to pass upon appellants' contention that the agreement pleaded is illegal as an undue limitation on the power of the defendant directors to manage the business of the corporation, and the further contention that the agreement is unenforcible because of the provisions of section 60 of the Stock Corporation Law. It is sufficient for the present to hold that the complaint fails to show any breach by defendants of the contract sued on.

The order, so far as appealed from, should be reversed, with $20 costs and disbursements to the appellants, and the complaint dismissed, with leave to the plaintiff to serve an amended complaint within twenty days after service of the order, with notice of entry thereof, on payment of said costs.

PECK, J. (concurring). I concur in all that is said in the opinion of the court, but believe that the complaint is fatally defective on the more fundamental ground of failing to allege a contract. The failure to allege a breach, as pointed out in the opinion, is but an illustration of the absence of a contract which could be breached.

The complaint alleges control of the corporate defendant by the defendant Campbell and that the defendants engaged plaintiff to serve as vice-president and controller of the corporate defendant for a period of five years " at a salary to be fixed by resolution of the Board of Directors ". The complaint is that by successive reductions the board reduced the salary to the vanishing point. The court finds no breach of contract in this action. I agree, because there was no contract, as pleaded, to breach. A so-called contract made by one in control of a corporation to engage an officer at a salary to be fixed by the board of directors lacks the essential element of a sufficiently definite price or salary. It leaves that element for future determination without any applicable objective standard. On the allegations of corporate control contained in this complaint the salary was left to the discretion of one of the contracting parties. There is no standard of reasonableness which can be applied to such an engagement and certainly plaintiff would not be bound to accept any salary which was meted out to him. There could be a mutually binding contract, under the circumstances, only when the board of directors acted and a mutually satisfactory

salary and term were fixed. The complaint does not allege any such contract or any engagement by the board except at will.

MARTIN, P. J., DORE and COHN, JJ., concur with CALLAHAN, J.; PECK, J., concurs in a separate opinion.

Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellants, and the complaint dismissed, with leave to the plaintiff to serve an amended complaint within twenty days after service of the order, with notice of entry thereof, on payment of said costs.